CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 21 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

ALDERLAW, PC
Michael Alder, Esq. (SBN 170381)
Mami B. Folinsky, Esq. (SBN 209880)
Alexis R. Domb, Esq. (SBN 311691)
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Tel: (310) 275-9131
Fax: (310) 275-9132
cmalder@alderlaw.com
mfolinsky@alderlaw.com
adomb@alderlaw.com

GLOTZERLAW, PC
Joshua W. Glotzer, Esq. (SBN 178228)
449 South Beverly Drive, Suite 210
Beverly Hills, CA 90212
Tel: (310) 623-3771
Fax: (310) 623-1941

Attorneys for Plaintiff,
LILLIAN BOONE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LILLIAN BOONE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: **BC 665863**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL**<br><br>*Complaint Filed:*<br>*Assigned to*<br>*- Department*<br>*Trial Date:* |

COMES NOW Plaintiff LILLIAN BOONE, and complains against Defendants WAL-MART STORES, INC., a Delaware Corporation; and DOES 1 through 50, and each of them, as follows:

///

---

1

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Exhibit 1
5

## COMMON ALLEGATIONS

1. Plaintiff LILLIAN BOONE ("Plaintiff") is now, and at all relevant times was, an adult residing in the City of Lancaster, County of Los Angeles, State of California.

2. Based upon information and belief, Defendant WAL-MART STORES, INC. ("WAL-MART") is now, and at all relevant times was, a Delaware Corporation conducting business in the County of Los Angeles, State of California. At all times relevant herein, Defendant WAL-MART owned, leased, occupied, controlled, possessed, supervised, inspected, leased, maintained, and/or managed the Wal-Mart store located at 44665 Valley Central Way, Lancaster, CA 93536 ("WAL-MART STORE").

3. The true names, identities, or capacities, whether individual, associate, corporate, or otherwise, of Defendants DOES 1 through 50, inclusive, and each DOE, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names. When the true names, identities, capacities, and/or participation of such fictitiously designated Defendants are ascertained, Plaintiff will seek leave of the Court to amend the Complaint to insert said names, identities, and capacities, together with the proper charging allegations. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the damages to Plaintiff set forth herein.

4. At all relevant times mentioned herein, Defendants DOES 1 through 5 were employees and/or agents of Defendant WAL-MART. Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 1 through 5 are now, and at all relevant times were, adults residing in the County of Los Angeles, State of California.

5. At all times herein mentioned, each of the Defendants named herein, including each DOE Defendant, was the agent, servant, partner, and/or employee of the remaining Defendants, and was at all such times acting within the time, place, purpose, and scope of said such agency, service, partnership and/or employment, unless

otherwise stated. Each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, and employee.

6. Plaintiff is informed and believes that Defendants, and each of them, were at all times relevant, agents, servants, and employees of each other and, in doing the things herein alleged, were acting within the scope and authority of such agency and employment and were, in some way, negligently or otherwise, responsible for the events herein alleged.

7. On or about April 19, 2017, Plaintiff went to the WAL-MART STORE to pick up a Huffy mountain bike, which she had purchased online from Defendant WAL-MART'S website ("SUBJECT BIKE"; Huffy Item No.: 556140885). When Plaintiff arrived at the WAL-MART STORE, the SUBJECT BIKE was not yet assembled. Defendants DOES 1 through 5, who were employees and/or agents of Defendant WAL-MART, then agreed to assemble the SUBJECT BIKE and instructed Plaintiff to return to the WAL-MART STORE in approximately one hour to pick up the SUBJECT BIKE after it was assembled. Plaintiff subsequently returned to pick up the SUBJECT BIKE at the WAL-MART STORE after it had been assembled by Defendant WAL-MART and/or Defendants DOES 1 through 5, who were employees and/or agents of Defendant WAL-MART.

8. That same day, on or about April 19, 2017, Plaintiff was riding the SUBJECT BIKE, which she had purchased from Defendant WAL-MART and which had been assembled by Defendants DOES 1 through 5, who were employees and/or agents of Defendant WAL-MART. Suddenly and unexpectedly, the SUBJECT BIKE collapsed at or near the handle bars, causing Plaintiff to crash, resulting in serious bodily harm to Plaintiff, including, but not limited to, injuries to her knee for which she has required and undergone surgery.

///

///

## CAUSE OF ACTION

## NEGLIGENCE

### (As Against All Defendants)

9. Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

10. At all relevant times mentioned herein, Defendants assembled, inspected, supplied, installed, distributed and/or sold the SUBJECT BIKE to Plaintiff and agreed to assemble and did assemble the SUBJECT BIKE ridden by Plaintiff on or about April 19, 2017. In so doing, Defendants, and each of them, established a relationship with Plaintiff, giving rise to each Defendant's duty to Plaintiff to assemble the SUBJECT BIKE with that degree of ordinary care and skill required.

11. Defendants and each of them owed a duty to Plaintiff to exercise ordinary care and skill in assembling the SUBJECT BIKE to avoid foreseeable harm to Plaintiff.

12. Defendants, and each of them, breached their duty of care to Plaintiff and failed to exercise ordinary care and skill in assembling the SUBJECT BIKE to avoid foreseeable harm to Plaintiff.

13. At all times herein mentioned, Defendants, and each of them, so negligently, recklessly, and carelessly assembled the SUBJECT BIKE as to create an unreasonable risk of harm to Plaintiff. As a direct and proximate result thereof, Plaintiff was caused to and did suffer serious bodily injury.

14. Defendants' breach of their duty of care was a legal cause of, and substantial factor in causing, Plaintiff's harm and damages in this case.

15. As a direct, proximate, and legal result of the negligent, careless, and unlawful conduct of Defendants, and by reason of said injuries caused by the same, Plaintiff has incurred medical and related expenses and in the future will require further additional medical and related expenses.

16. As a direct, proximate, and legal result of the negligent, careless, and unlawful conduct of Defendants, and each of them, and by reason of said injuries

AlderLaw, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

1 caused by the same, Plaintiff has experienced, and in the future will experience, pain and suffering. By reason of said injuries and consequences, Plaintiff has sustained general damages in a sum to be proven at the time of trial.

17. As a direct, proximate, and legal result of the negligent, careless, and unlawful conduct of Defendants, and by reason of said injuries caused by the same, Plaintiff has sustained, and will sustain in the future, loss of earnings and loss of earning capacity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LILLIAN BOONE prays for judgment against Defendants, and each of them, as follows:

1. For general damages, past and future, according to proof;
2. For medical expenses, past and future, according to proof;
3. For lost earnings, past and future, according to proof;
4. For loss of earning capacity according to proof;
5. For pre- and post-judgment interest;
6. For costs of suit herein incurred; and
7. For such further and other relief as the Court deems just and proper.

DATED: June 20, 2017

ALDERLAW, PC

By: _____
Michael Alder, Esq.
Marni B. Folinsky, Esq.
Alexis R. Domb, Esq.
Attorneys for Plaintiff,
LILLIAN BOONE

## DEMAND FOR JURY TRIAL

Plaintiff LILLIAN BOONE hereby demands, as a matter of right, trial by jury in this case on all causes of action.

DATED: June 20, 2017

ALDERLAW, PC

By: _____
Michael Alder, Esq.
Mami B. Folinsky, Esq.
Alexis R. Domb, Esq.
Attorneys for Plaintiff,
LILLIAN BOONE

AlderLaw, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

6

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Exhibit 1
10